UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | | |
|---|---|---|
| CHRISTINE McCOY, *et al.*, | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| vs. | ) | Case No. 4:11CV918 CDP |
| | ) | |
| ST. LOUIS PUBLIC SCHOOLS, *et al.*, | ) | |
| | ) | |
| Defendants. | ) | |

## MEMORANDUM AND ORDER

Christine McCoy and Gerald Arbini brought this suit alleging that the St.

Louis Public School District, its Special Administrative Board, and several of the

District administrators discriminated against them by not renewing their contracts

as principals.  The individual defendants filed a motion for more definite

statement, and all defendants filed a motion to sever.  Because the complaint gives

sufficient notice of the claims against the individual defendants, I will deny the

motion for more definite statement.  I will also deny the motion to sever, except

that I will order separate trials of the claims of each plaintiff.

### Background

In June of 2009, McCoy and Arbini were advised that their employment

contracts with the District would not be renewed.  McCoy was employed as the

principal of Sigel Community Education Center Elementary School from 1998 through 2009, and she is currently employed by the same District as a lead teacher at the International Welcome School.  Arbini was employed as principal of Monroe EMints Elementary School from 2001 through 2009.

On May 5, 2011, McCoy and Arbini filed this lawsuit against the St. Louis Public School District (the District), its Special Administrative Board (SAB), Richard Sullivan (SAB member), Melanie Adams (SAB member), Richard Gaines (SAB member), Kelvin Adams (superintendent), Carlinda Purcell (deputy superintendent), Sharonica Hardin (human resources director), William Parker (McCoy's immediate supervisor), and Diane Cox (Arbini's immediate supervisor). McCoy, a 52 year old white female, alleges that the decision not to renew her contract is the result of race and age discrimination.  Arbini, a 63 year old  male, alleges that the decision not to renew his contract was the result of gender and age discrimination.  He also claims the failure to renew his contract violated his rights under the First Amendment.

Each count of the complaint was asserted against "all Defendants" in his or her individual and official capacity.  Counts I through V alleged that the defendants demoted or failed to promote McCoy based on her race and age, violating the Fourteenth Amendment, Title VII of the Civil Rights Act of 1964, 42

- 2 -

U.S.C.A. § 2000e, *et seq.* (Title VII), the Age Discrimination in Employment Act, 29 U.S.C. § 621, *et seq.* (ADEA), 42 U.S.C. § 1983, 42 U.S.C. § 1981, and the Missouri Human Rights Act, Mo. Rev. Stat. § 213.010, *et seq*. (MHRA).  Counts VI through VIII alleged that the defendants demoted Arbini based on his gender and age, violating the Fourteenth Amendment, Title VII, the ADEA, § 1983, and the MHRA.  Count IX alleged that speech protected by the First Amendment was used as a motivating factor in Arbini's demotion.

<u>Motion for More Definite Statement</u>

The District and its SAB answered the plaintiffs' complaint, but the individual defendants moved for a more definite statement, contending that the complaint is so vague that they cannot reasonably prepare a response.

Under Fed. R. Civ. P. 12(e), "[a] party may move for a more definite statement of a pleading to which a responsive pleading is allowed but which is so vague or ambiguous that the party cannot reasonably prepare a response."  But, Fed. R. Civ. P. 8(a)(2) only requires a complaint to contain "a short and plain statement of the claim showing that the pleader is entitled to relief."  Because of "liberal notice pleading and the availability of extensive discovery, motions for a more definite statement are universally disfavored."  *Tinder v. Lewis Cnty. Nursing Home Dist.*, 207 F. Supp. 2d 951, 959 (E.D. Mo. 2001) (collecting cases).

- 3 -

"A motion under Rule 12(e) is designed to strike at unintelligibility in a pleading rather than want of detail." *Patterson v. ABS Consulting, Inc.*, No. 4:08CV697, 2009 WL 248683, at *2 (E.D. Mo. Feb. 2, 2009). The notice pleading standard "relies on liberal discovery rules and summary judgment motions to define disputed facts and issues and to dispose of unmeritorious claims." *Swierkiewicz v. Sorema N.A.*, 534 U.S. 506, 512 (2002). Because a motion for more definite statement is not a substitute for discovery, one cannot use it to test a case or require the pleader to allege certain facts or retreat from certain allegations. *Tinder*, 207 F. Supp. 2d at 960. When, however, a "pleading fails to specify the allegations in a manner that provides sufficient notice, a defendant can move for a more definite under Rule 12(e) before responding." *Id.* at 514.

I have reviewed the complaint in light of the relevant standard, and conclude that it is not unintelligible, vague, or ambiguous such that the individual defendants cannot reasonably frame a response. Each count alleges that all defendants either demoted or failed to promote one or the other plaintiff based on illegal discrimination or because they engaged in protected speech. The individual defendants should know whether they did these things or not, and so they can respond to these allegations.

- 4 -

The individual defendants take issue with the complaint because it names all defendants on each count without alleging facts specific to each defendant within each count.  Specifically, only the facts or counts relating to McCoy mention Parker by name, and only the facts or counts relating to Arbini mention Cox by name.  The only place the complaint references Purcell by name is at the beginning, and only identifies her position with the District.  The defendants also argue that some defendants cannot be held legally responsible in their individual capacities under certain statutes, and so the plaintiffs cannot plead certain counts against all defendants generally.

While this form of blanket pleading does not provide much detail, the plaintiffs are not necessarily required to frame their pleadings in the manner that will be easiest for defendants to defend.  15A Charles Alan Wright & Arthur R. Miller, *Federal Practice and Procedure* § 1377 (3d ed. 1998) (noting that "any attempt to use a Rule 12(e) motion . . . to tie the pleader down to a particular legal theory of the case will be rejected as contrary to the philosophy of the federal rules, which does not require the claimant to settle upon a theory of his or her case at the pleading stage.").  Plaintiffs say that they believe all defendants were involved in the decisions to terminate both of them, and that is what the complaint alleges.  Additionally, Rule 12(e) is not a discovery device, *Tinder*, 207 F. Supp.

- 5 -

2d at 96, and defendants will have an opportunity to seek this information through discovery.

Further, if a defendant does not believe he or she can be held legally responsible under a particular statute, he or she should so state in an answer or file the appropriate motion. The proper vehicle for determining liability is a motion to dismiss if the law would not allow a plausible complaint against a defendant, *Bell Atlantic v. Twombly*, 550 U.S. 544, 555 (2007), or a motion for summary judgment if the evidence in the case demonstrates that a defendant is entitled to judgment as a matter of law, Fed. R. Civ. P. 56(c)(2); *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247 (1986). A motion for more definite statement is only intended to remedy unintelligible pleadings. McCoy and Arbini's complaint makes entirely clear which law and facts serve as a basis for each count.

The defendants' reliance on *Shivers v. Univ. City*, No. 4:09CV630, 2010 WL 431791 (E.D. Mo. February 2, 2010) and *Rodriguez-Perez v. Agriprocessors, Inc.*, No. C08-2039, 2008 WL 4974582 (N.D. Iowa Nov. 21, 2008) is misplaced. In both cases, the plaintiffs sued multiple defendants, but repeatedly plead factual allegations against "the defendant," singularly. The courts in both cases ordered the plaintiffs to specify which of the multiple defendants its singular references applied to. McCoy and Arbini sued multiple defendants, but their complaint either

- 6 -

refers to a particular defendant by name or alleges that defendants – plural – took certain actions.  This is sufficient under the Federal Rules of Civil Procedure.

The defendants also rely on *Schimweg v. Teitelbaum*, 4:05CV416, 2005 WL 3797364 (E.D. Mo. June 8, 2005) for the proposition that conclusory allegations against the defendants generally are insufficient to give an individual defendant notice of the allegations against him or her.  Although no allegations were plead against Purcell by name, the paragraphs addressing the defendants generally were not merely legal conclusions, but contain factual allegations sufficient to put Purcell and the others on notice of the claims against them.

The complaint meets the liberal notice pleading standard of Fed. R. Civ. Pro. 8(a).  The facts and allegations in the complaint asserting that all defendants demoted or replaced McCoy and Arbini are sufficient to survive this motion.  I will deny the individual defendants' motion for more definite statement.

<u>Motion to Sever</u>

Rule 20(a), Fed. R. Civ. P., states that parties may join as plaintiffs:

> [I]f they assert any right to relief jointly, severally, or in the alternative in respect of or arising out of the same transaction, occurrence, or series of transactions or occurrences and if any question of law or fact common to all these persons will arise in the action.

Thus, permissive joinder of these parties requires:  (1) the parties' claims to arise

out of the same transaction, occurrence, or series of transactions or occurrences;

and (2) the claims to involve a common question of law or fact.  *Mosley v. Gen.*

*Motors Corp.*, 497 F.2d 1330, 1333 (8th Cir. 1974).  Joinder of claims, parties,

and remedies, however, is strongly encouraged.  *United Mine Workers v. Gibbs*,

383 U.S. 715, 724 (1966).

     The Eighth Circuit Court of Appeals broadly defines the term "transaction":

"Transaction is a word of flexible meaning.  It may comprehend a series of many

occurrences, depending not so much upon the immediateness of their connection

as upon their logical relationship."  *Mosley*, 497 F.2d at 1333.  "In ascertaining

whether a particular factual situation constitutes a single transaction or occurrence

for purposes of Rule 20, a case by case approach is generally pursued."  *Id.*

(internal citation omitted).  Rule 20 permits trial of all "reasonably related" claims

in a single proceeding.  *Id.*

     Although McCoy and Arbini worked at different schools, had different

work histories, and rely on some different legal theories, they argue that their

terminations were part of the same District reorganization.  McCoy and Arbini

were both employed as principals in the same District.  The decisions not to renew

their contracts were made during the same time period and allegedly by many of

- 8 -

the same decision-makers.  McCoy and Arbini's claims reasonably relate to one

another for purposes of Rule 20.

The defendants attempt to distinguish *Mosley v. Gen. Motors Corp.*, 497

F.2d 1330 (8th Cir. 1974) by arguing that it holds that a company-wide policy of

discrimination serves as a basis for joinder of multiple plaintiffs, but does not say

any two employees alleging any employment discrimination is a valid basis for

joinder.  The defendants argue that McCoy and Arbini have not claimed the

District reorganization itself was discriminatory, and so *Mosley* does not create a

sufficient basis for joinder.  I disagree.  *Mosley* encompasses a generous definition

of the term "transaction" and requires analysis on a case by case basis, which

necessarily prohibits me from limiting its holding to only company-wide policies

of discrimination.  In fact, the court said "[n]o hard and fast rules have been

established" for permissive joinder.  *Mosley*, 497 F.2d at 1333.  *Mosley* did not

hold that a company-wide policy of discrimination is a prerequisite for joinder of

parties under Fed. R. Civ. P. 20(a).

McCoy and Arbini's claims also raise common issues of fact.  Although the

plaintiffs had different immediate supervisors and the case will require testimony

from different witnesses to attest to their work histories, the District administration

remains the same.  Each plaintiff would likely require depositions from each

administrative defendant about the same reorganization, e.g., the rationale behind the reorganization and what caused the reorganization to affect one school and/or principal rather than another.  Fed. R. Civ. P. 20(a) allows joinder of parties where "*any* question of law *or* fact common to all plaintiffs" is present.  (emphasis added).

The defendants rely heavily on *Grayson v. K-Mart Corp.*, 849 F. Supp. 785 (N.D. Ga. 1994) for the proposition that alleging claims under the same legal theory is insufficient to present a common question of law under Rule 20.  In *Grayson*, eleven former K-Mart store managers alleged age discrimination, under the ADEA, and intentional infliction of emotional distress under the common law of four different states.  The court held that while the plaintiffs' claims were not completely unrelated, because their demotions occurred during the same time period and in response to the same pressures, the demotions were not a single action simply because the managers were subject to the same central policies.  *Id.* at 787.  It further held that each demotion constituted a discrete act by the defendant whereby no common question of law or fact existed.  *Id.* at 789.

The defendants, however, failed to mention that another judge denied a motion to sever and certified an opt-in class in a related case dealing with the same types of plaintiffs and the same legal theories.  *Helton v. K-Mart Corp.*, No. 1:92-

- 10 -

CV-2564 (N.D. Ga. Sept. 30, 1993).  Later, the Eleventh Circuit Court of Appeals

affirmed certification of the opt-in class, with time limitations on the scope of the

class.  *Grayson v. K-Mart Corp.*, 79 F.3d 1086, 1092, 1108 (11th Cir. 1996).  The

Court of Appeals held that although the "similarly situated" requirement of 29

U.S.C. § 216(b), allowing an opt-in class, is less stringent than the requirements

for joinder under Fed. R. Civ. P. 20 and severance under Fed. R. Civ. P. 42, the

allegations, affidavits, and depositions on the record were "more than sufficient to

meet *either* standard."  *Id.* at 1096 (emphasis added).  I am not persuaded by the

defendants' reliance on *Grayson*.

Additionally, requiring this matter to proceed as two separate cases would

unnecessarily increase the expense to the parties and would not serve the interests

of judicial economy.  Because of the commonality of the parties and their counsel

and the commonality of much factual discovery, severance would only require the

parties and their counsel to do repetitive work.  The defendants have presented no

evidence or persuasive arguments showing that any undue prejudice would result

from their preparing McCoy's and Arbini's claims together.

I do, however, agree that allowing the plaintiffs to present their claims in the

same trial would cause juror confusion and potential unfair prejudice.  McCoy and

Arbini allege different types of discrimination – McCoy alleges racial

- 11 -

discrimination while Arbini's claim is based on his gender.  It is likely that trial

time would necessarily be devoted to explaining that each claim must be

considered on its own.  Defendants would undoubtedly have to waste time and

energy objecting to plaintiffs' questioning and evidence , especially to the extent

plaintiffs' counsel might attempt to merge the two cases.  And even with

cautionary instructions, the jury might be inclined to consider a finding of

discrimination as to one plaintiff as evidence of discrimination as to the other.

Under Rules 20(b) and 42(b), I have discretion to order separate trials or

make other orders to prevent the possibility of confusion.  *Saxion v. Titan-C-Mfg.,*

*Inc.*, 86 F.3d 553, 556 (6th Cir. 1996) (holding that the language of Fed. R. Civ. P.

42(b) "clearly suggests that a court may bifurcate a trial on its own motion"); *see*

*also O'Dell v. Hercules, Inc.*, 904 F.2d 1194, 1202 (8th Cir. 1990) (holding that

when considering whether to bifurcate a trial "district courts should consider

[preserving] constitutional rights, clarity, judicial economy, the likelihood of

inconsistent results and possibilities for confusion").  Further, Fed. R. Civ. P. 56

does not prohibit parties from filing multiple motions for summary judgment.  The

defendants are free to file separate motions for summary judgment addressing each

plaintiff's claims, and I will order separate trials for each plaintiff.

**IT IS HEREBY ORDERED** that:

- 12 -

1.     The individual defendants' motion for a more definite statement [#16] is denied;

2.     The defendants' motion to sever is [#19] denied except to the extent that the plaintiffs will have separate trials, as provided by Fed. R. Civ. P. 42(b).

3.     Both cases will remain set on the **February 25, 2013** trial docket, and the second case will begin as soon as the first is submitted to the jury.  When the trial date is nearer I will discuss with counsel the appropriate order of the trials.


CATHERINE D. PERRY
UNITED STATES DISTRICT JUDGE


Dated this 13th day of October, 2011.